# SIMON WENCESLAO VILLEGAS Y SANCHES

*v.*

# RAFAEL MATINO DE DIEGO.

IN EJECTMENT—OPINION ON DEMURRER TO ANSWER AND PLEA TO JURIS-
DICTION.

1. Averment in answer that all the statements in the declaration are un-
   true is bad pleading. A plea of "not guilty" would put in issue
   plaintiff's ownership.
2. In a suit *in rem,* where two courts have concurrent jurisdiction, the
   court that first obtains control of the property holds it. The mere
   pendency of a suit, however, in an insular court, although it be in
   its nature *in rem,* does not bar a like suit in the United States court
   as to the same property.
3. A mere action pending in one court, between the same parties, as to the
   same subject-matter, cannot be pleaded in abatement to an action in
   the other court; but any final action in the one may be asserted in the
   other.

November 5, 1902.

*Mr. N. B. K. Pettingill* for plaintiff.

*Mr. A. Geigel* for defendant.

HOLT, Judge, delivered the following opinion:

The defendant filed an answer and then a plea herein, both of
which are yet on file, and the case is submitted on demurrer to
each. The answer avers that all the statements of the declaration

Villegas y Sanches v. De Diego.

are untrue. This is bad pleading. It then sets up defendant's purchase, occupancy, and improvement of a tract of land therein described; but it is not averred it is the land sued for herein. The answer, as a whole, is not sufficient. Simply a plea of not guilty would raise the question of the plaintiff's ownership. The demurrer to the answer is sustained.

The plea is entitled "One to the Jurisdiction." It avers that there is a *lis pendens* between the same parties, involving the same subject-matter, in the insular district court, which was instituted prior to this suit. It is never too late to question the jurisdiction of a court in an action pending therein. If at any time it appears that the court has no jurisdiction, the case should be dismissed. But this is a plea in abatement. It is well settled that where two courts have concurrent jurisdiction, the one acquiring the dominion of the property in contest— whose jurisdiction has attached to the *res*—holds it. As between the United States court and the insular courts this rule is necessary to their harmonious working. It is founded on necessary comity, and avoids unseemly conflict of authority between courts mainly independent of each other, and yet constituting one judicial system.

If there be a suit *in rem* in the insular court, and a like one in the United States court as to the same property, and the jurisdiction of the two courts be concurrent, exclusive jurisdiction over the *res* for the purposes of its own suit is in that court which acquires dominion over the property. It is then *in custodia legis*. If property be taken into the custody of the insular court by legal proceeding, this court should not interfere with its control until its hand is lifted. The mere pendency of a suit, although it be in its nature *in rem* in the insular court, does not, however, bar a like suit in the United States court as to the same property. The United States court and the insular courts

Villegas y Sanches v. De Diego.

are essentially foreign to each other, though parts of the same system. A mere action pending in the insular court, though between the same parties, relative to the same subject-matter, cannot be pleaded in abatement to an action in this court, between the same parties, relative to the same subject-matter. Each court may proceed, and any final action in the one may be asserted in the other. It does not appear in any way that the insular court has the custody of the property in question.

The demurrer to the plea is sustained.